UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY BROOKS, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUXOTTICA OF AMERICA INC.,<br><br>Defendant. | CASE NO. 2:26-cv-02429-JNW<br><br>ORDER TO SHOW CAUSE |

Plaintiff Timothy Brooks filed this putative class action in King County Superior Court on June 9, 2026, against Defendant Luxottica of America Inc., doing business as Ray-Ban. Dkt. No. 1-2. Ray-Ban removed this action to this Court on July 10, 2026, asserting federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Dkt. No. 1. Brooks alleges that Ray-Ban violated Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA") by sending Washington residents emails with false or misleading information in the subject lines. Dkt. No. 19 ¶¶ 124–150. On September 9, 2026, Brooks filed an

Amended Complaint alleging the same claims ("First Amended Complaint" or "FAC"). Dkt. No. 19.

### 1.1 Ray-Ban's motion to dismiss and Washington State's motion to intervene are denied as moot.

On August 19, 2026, before Brooks amended his complaint, Ray-Ban moved to dismiss Brooks' complaint under Rule 12(b)(6) for failure to state a claim, or in the alternative, stay the case until the Ninth Circuit resolves the Article III standing inquiry as applied to CEMA claims in *Montes v. Penney OpCo, LLC* ("*Montes II*"), Case No. 26-241. Dkt. No. 15. But "an amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). "'Courts often apply this rule to motions to dismiss a complaint that has since been superseded and deny such motions as moot.'" *Dahlstrom v. Life Care Centers of Am., Inc.*, No. 2:21-CV-01465-JHC, 2022 WL 7631419, at *1 (W.D. Wash. Oct. 13, 2022) (quoting *Bisson v. Bank of Am., N.A.*, No. C12-0995-JLR, 2012 WL 5866309, at *1 (W.D. Wash. Nov. 16, 2012)). As a result, the Court denies without prejudice Ray-Ban's motion to dismiss, Dkt. No. 15.

The State of Washington's stipulated motion to intervene is also moot. Dkt. No. 18. On September 1, 2026, the State asked to intervene for the limited purpose of defending the constitutionality of CEMA given Ray-Ban's motion to dismiss argued that CEMA violates the due process clause of the United States constitution. Because the Court has denied Ray-Ban's motion to dismiss, the issue of CEMA's constitutionality is no longer before the Court, and the State need not respond. The

Court, therefore, denies without prejudice the State's stipulated motion to intervene.

**1.2 The Court requires supplemental briefing.**

The Court questions whether the FAC establishes Article III standing. Some courts in this District have found that named plaintiffs in similar CEMA/CPA class actions lack Article III standing and remanded the actions to state court. *See, e.g.*, *Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *4 (W.D. Wash. Mar. 30, 2026); *Hutton v. Papa John's Int'l*, No. C25-1922-KKE, 2026 WL 2210133, at *3 (W.D. Wash. July 31, 2026). Other courts have found standing adequately pled but then stayed the action pending the resolution of the Ninth Circuit appeals in *Montes v. Penney OpCo, LLC et al.*, Case No. 25-8045 and *Montes v. SPARC Grp., LLC*, Case No. 23-35496. *See, e.g., Liss et al. v. Skechers USA Inc.*, No. 3:25-CV-05861-DGE, 2026 WL 2500999, at *2 (W.D. Wash. Aug. 25, 2026); *Devivo v. Sheex Inc.*, No. 3:25-CV-05807-DGE, Dkt. No. 62 (W.D. Wash. Aug. 25, 2026).

The Court raises this jurisdictional issue on its own, as it must before reaching the merits of Brooks's claims. The Court will not reach these questions without the parties' input, so it ORDERS as follows:

1. Ray-Ban must file a supplemental brief not to exceed five (5) pages by October 1, 2026, about (1) whether Brooks has Article III standing and, if so, whether the action should be stayed pending the *Montes* appeals; and (2) whether the Court should, under CEMA, calculate damages on a per-

email or per-recipient basis and, depending on that answer, whether the amount in controversy satisfies the minimum for diversity or CAFA jurisdiction.

2. Ray-Ban must file a responsive supplemental brief not to exceed five (5) pages by October 8, 2026.

3. For the reasons stated above, Ray-Ban's motion to dismiss or stay, Dkt. No. 15, and the State's stipulated motion to intervene, Dkt. No. 18, are DENIED as moot without prejudice.

Dated this 21st day of September, 2026.

Jamal N. Whitehead
United States District Judge