UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY BROOKS, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUXOTTICA OF AMERICA INC., doing business as Ray-Ban,<br><br>Defendant. | CASE NO. 2:26-cv-02429-JNW<br><br>ORDER REMANDING CASE |

## 1. INTRODUCTION

This matter comes before the Court on the parties' responses to the Court's order for supplemental briefing on whether Plaintiff Timothy Brooks has Article III standing, and if so, whether the action should be stayed pending the Ninth Circuit appeals in *Montes v. Penney OpCo, LLC et al.*, Case No. 25-8045 and *Montes v. SPARC Grp., LLC*, Case No. 23-35496. Dkt. Nos. 25, 27. For the reasons stated below, the Court finds it lacks subject matter jurisdiction, DENIES Defendant's request for a stay, and REMANDS the case to King County Superior Court.

## 2. BACKGROUND

Plaintiff Timothy Brooks filed this putative class action in King County Superior Court against Defendant Luxottica of America Inc., doing business as Ray-Ban. Dkt. No. 1-2. Ray-Ban removed this action to this Court, asserting federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Dkt. No. 1. Brooks then filed a First Amended Complaint, claiming that Ray-Ban violated Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA") by sending consumers marketing emails with false or misleading subject lines. Dkt. No. 19.

On September 21, 2026, the Court ordered supplemental briefing on two issues: first, whether Brooks has Article III standing, and if so, whether the case should be stayed pending the Ninth Circuit's decision in the *Montes* appeals; and second, whether CEMA damages are calculated per-email or per-recipient, and whether the amount in controversy satisfies the minimum for diversity or CAFA jurisdiction. Dkt. No. 22 at 3–4. Because Article III standing is a threshold issue, the Court starts there. *Hutton v. Papa John's USA Inc.*, No. C25-1922-KKE, 2026 WL 2210133, at *1 (W.D. Wash. July 31, 2026).

## 3. DISCUSSION

### 3.1 Legal standard.

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation

requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). If a plaintiff lacks Article III standing, the Court does not have subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975). The standing inquiry begins with a simple principle: "No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." Id. at 423 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

"[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins v. Spokeo, Inc.* (*Spokeo* II), 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins* (*Spokeo I*), 578 U.S. 330, 341 (2016) *as revised* (May 24, 2016)). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused him to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Id.* (quoting *Spokeo I*, 578 U.S. at 340). Put simply, "an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 427. The key question is whether the plaintiff has identified "a close historical or common-law analogue" for the asserted injury. *Id.* at 424. Physical and monetary harms readily qualify, and so can some intangible harms, such as intrusion upon seclusion. *Id.* at 425.

"The burden of establishing removal jurisdiction, even in [CAFA] cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). So Ray-Ban, as the party invoking federal jurisdiction, must establish "the facts necessary to support standing with the manner and degree of evidence required at the successive stages of the litigation." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). At the pleading stage, the Court looks to the allegations in the complaint. *See id.* at 1099 & n.2. If the Court determines, after removal, that it lacks subject matter jurisdiction, it must remand the case to state court. 28 U.S.C. § 1447(c). Remand, not dismissal, is the proper remedy. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

**3.2 Ray-Ban has not shown that Brooks has suffered a concrete injury.**

Ray-Ban argues that—despite failing to allege any actual damages—Brooks establishes standing by alleging Ray-Ban violated CEMA. Dkt. No. 25 at 3 (citing *Devivo v. Sheex Inc.*, 2026 WL 1734589, at *2 n.1 (W.D. Wash. June 16, 2026); *Liss v. Skechers USA Inc.*, 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026); *Brinton v. Vivint Inc.*, 2024 WL 3688589, at *3 (W.D. Wash. Aug. 7, 2024); *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019); *Hoffman v. One Techs., LLC*, 2017 WL 176222, at *2 (W.D. Wash. Jan. 17, 2017)). Brooks agrees. Dkt. No. 27 at 2–3.

But the parties' position runs up against "an ever-growing list of decisions [in this District] finding that the mere receipt of alleged misleading or false marketing email subject lines, absent any allegation of economic loss, detrimental reliance, or

any comparable injury, does not constitute a concrete harm sufficient to establish Article III injury." *Stutsman v. Sirius XM Radio LLC*, No. 2:25-CV-01113-LK, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026) (collecting cases). *See also Hutton*, 2026 WL 2210133, at *2 ("[T]he Court finds that merely alleging a CEMA violation is insufficient to allege a concrete injury to [the plaintiff]."); *Aronson v. 5 Star Apparel LLC*, No. C25-2691JLR, 2026 WL 2332885, at *2 (W.D. Wash. Aug. 4, 2026) ("[E]ven if [the plaintiff] has plausibly alleged that [the defendant] violated CEMA, he cannot pursue his claim in this court because he failed to allege an Article III injury-in-fact."); *Samaduroff v. David Peyser Sportswear Inc*, No. 3:26-CV-05275-TMC, 2026 WL 2675977, at *2 (W.D. Wash. Sept. 11, 2026) ("The fact that Plaintiffs received emails allegedly in violation of CEMA does not itself constitute injury-in-fact under Article III.").

Ray-Ban also argues the Ninth Circuit has "implicitly found Article III standing for an injury similar to [Brooks's]." Dkt. No. 25 at 3. (citing *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1062-64 (9th Cir. 2009)). Although *Gordon* involves a CEMA claim, among other claims, it does not explicitly address whether a CEMA violation causes concrete harm. Moreover, *Gordon* was decided before *TransUnion*, which holds that a legislature's "creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." 594 U.S. at 426. As a result, the Court does not follow these cases.

Brooks also argues that CEMA remedies harms analogous to "invasions of privacy, intrusion upon seclusion, and nuisance." Dkt. No. 27 at 2 (quoting *Van*

*Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)). But each of those analogues depends on contact the plaintiff did not want. *Merrick v. Premium Brands Opco LLC*, No. 2:25-cv-02291-JNW, 2026 WL 3025764, at *2 (W.D. Wash. Oct. 8, 2026). And as Brooks acknowledges, CEMA creates a right to be free from "false or misleading email subject lines," not, like the Telephone Consumer Protection Act, from "unsolicited text messages." Dkt. No. 27 at 3. As to Brooks himself, the FAC alleges only that Ray-Ban "spammed" him with five emails. Dkt. No. 19 ¶¶ 105–06. Brooks does not allege that the emails cost him time or storage, or that he bought anything, relied on them, or lost money. *See Merrick*, 2026 WL 3025764, at *2–3. Because Ray-Ban has not shown that the violation caused Brooks concrete harm, it has not carried its burden to establish Article III standing. *See Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *3 (W.D. Wash. Mar. 30, 2026) ("[t]he mere 'receipt of alleged misleading or false marketing email subject lines from a solicited company,' absent any allegation of 'economic loss, detrimental reliance, or any comparable injury,' does not 'constitute a concrete harm.'" (quoting *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, at *3 (E.D. Wash. Dec. 4, 2025)).

**3.3 Remand is appropriate.**

Citing other cases in this District that have stayed putative CEMA class actions, Ray-Ban urges the Court to wait for the Ninth Circuit to resolve the "Article III question" in *Montes* II. Dkt. No. 25 at 4. But, in this case, the Court does not find standing to be an open question. It reaches its conclusion based on the

allegations in the First Amended Complaint, and it need not await further rulings from the Ninth Circuit. Because the Court lacks jurisdiction, it doesn't reach Brooks's arguments that the issues in the *Montes* appeals do not require the Court to await their resolution and that failing to proceed would be inequitable. Accordingly, the Court finds remand is the appropriate course. See 28 U.S.C. § 1447(c); *Polo*, 833 F.3d at 1196.

## 4. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. This case is REMANDED to King County Superior Court, effective FOURTEEN (14) days from the date of this Order. *See* LCR 3(i).
2. The Clerk of Court is directed to CLOSE this case and terminate all pending motions.

Dated this 17th day of November, 2026.

Jamal N. Whitehead
United States District Judge